UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN MARK BLEVINS,**

        **Plaintiff,**

v.                                                              Case No:   6:15-cv-2153-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Stephen Blevins (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to evaluate and weigh the opinions of Dr. Gary Weiss; 2) failing to properly assess Claimant's credibility with regard to pain; and 3) failing to properly evaluate all of Claimant's medically determinable impairments in determining his Residual Functional Capacity ("RFC"). Doc. No. 17 at 14-17, 19-24, 28-29. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. Doc. No. 17 at 31. For the reasons set forth below, the Commissioner's final decision is **REVERSED AND REMANDED** for further proceedings.

**I.    FACTUAL BACKGROUND**

On April 30, 2012, Claimant applied for DIB. Doc. No. 17 at 1. Claimant alleged a disability onset date of August 25, 2011. Id. The Social Security Administration denied Claimant's application on July 10, 2012. Id.; R. 111. On July 28, 2012, Claimant filed a Request for

Reconsideration. Doc. No. 17 at 2; R. 116. On January 29, 2013, a fully favorable decision was issued without hearing. Doc. No. 17 at 2; R. 89. On March 27, 2013, the Appeals Council noticed a sua sponte review of the favorable decision. Doc. No. 17 at 2; R. 127. On September 12, 2013, the Appeals Council remanded the favorable decision. Doc. No. 17 at 2; R. 99. On August 25, 2014, the ALJ conducted a video teleconference hearing (the "Hearing"). Doc. No. 17 at 2; R. 24. On February 13, 2015, the ALJ issued an unfavorable decision. Doc. No. 17 at 2; R. 27. On March 5, 2015, Claimant filed a Request for Review of the ALJ's unfavorable decision. Doc. No. 17 at 2; R. 16. On November 2, 2015, the Appeals Council denied further review. Doc. No. 17 at 3; R.1. On December 22, 2015, Claimant filed this appeal. Doc. No. 1.

## II.     **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" See Phillips v. Barnhart,

357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.  ANALYSIS

### 1)  Dr. Weiss' Opinions

On May 11, 2013, Claimant started receiving medical care from Dr. Weiss. Doc. No. 17 at 8. Claimant would see Dr. Weiss multiple times regarding his impairments. R. 344-358. While treating Claimant, Dr. Weiss issued two statements that are at issue: 1) a treatment note from July 15, 2013 (the "2013 Note"); and 2) a treatment note from May 8, 2014 (the "2014 Note") (collectively, the "Notes"). The 2013 Note provides a summary of Dr. Weiss' observations from that day. R. 345. Most importantly, in the 2013 Note, Dr. Weiss opines that Claimant is permanently and totally disabled ("PTD"). R. 345. The 2014 Note also contains a summary of Dr. Weiss' observations, a statement noting that Claimant is PTD and a statement that Claimant "cannot drive due to blackouts." R. 391. In determining Claimant's RFC, the ALJ recognized Dr. Weiss' observations in the Notes. R. 32. However, the ALJ did not specifically weigh either of the Notes. R. 33-34. The ALJ later determined that Claimant has an RFC to perform light work. R. 30. The ALJ also found that Claimant could perform his past relevant work as a security guard. R. 34.

Claimant contends that "the ALJ failed to weigh the opinions of [Dr. Weiss] who opined that [Claimant] was [PTD] due to a combination of medical conditions." Doc. No. 17 at 15. Claimant also contends that the ALJ's omission is not harmless because the statements contradict the ALJ's RFC finding. Id. at 17. The Commissioner contends that the ALJ was correct in not giving the Notes any weight because they opine on issues reserved to the Commissioner. Doc. No. 17 at 18 (citing 20 C.F.R. § 404.1527(d)). Furthermore, the Commissioner contends that Dr. Weiss

is not a treating physician since he only treated Claimant three times over the space of one year. Doc. No. 17 at 17.

After carefully reviewing the record, the Court finds no material error in the ALJ's treatment of the Notes. In Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit noted that a medical opinion is a statement by a physician that reflects judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions. Id. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). The aforementioned regulations state that certain opinions (even if they are from a treating physician) are not medical opinions. See also Tillman v. Comm'r, Soc. Sec. Admin., 559 Fed. Appx. 975, 975-76 (11th Cir. 2014) (holding that medical opinions concerning whether a claimant was legally disabled were not entitled to controlling weight because they concerned matters reserved to the Commissioner).[1] In this case, the Notes state that Claimant is PTD. According to the above case law and regulations, such a statement is not a medical opinion. Accordingly, the ALJ did not err in not weighing the Notes to the extent they conclude Claimant is PTD.

The 2014 Note does contain a single functional limitation. Specifically, the 2014 Note states that Claimant is unable to drive due to blackouts. R. 391. As stated above, the ALJ did not specifically weigh the 2014 Note. Nevertheless, the Court finds the ALJ's error as harmless for two reasons. First, even if the limitation were taken into account, it would not affect the ALJ's determination that Claimant can perform light work. This is because the regulation regarding light

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

work does not contain any requirement with regard to driving.[2] Second, the ALJ's failure to weigh the 2014 Note is harmless because Claimant's past relevant work as a security guard does not involve driving. See Jones v. Comm'r of Soc. Sec., 492 F.App'x 70, 73 (11th Cir. 2012) (finding as harmless the ALJ's failure to include claimant's inability to drive in a Vocational Expert hypothetical because the functional requirements of the jobs identified by the vocational expert to not involve driving).[3] See also, U.S. Dep't of Labor, Dictionary of Occupational Titles, 372.667-034 (rev. 4th ed. 1991), 1991 WL 673100. In fact, when Claimant described his past work as a security guard, he did not state that driving was a required task.[4] Accordingly, the Court finds that the ALJ's error in not weighing the Notes is harmless.

**2) Credibility**

**A. The Two-Part Credibility Test**

When considering Claimant's symptoms, the ALJ must follow a two-step process. First, the ALJ must determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. *Colon ex. rel. Colon v. Astrue*, No: 8:08-cv-1191-T-17TEM, 2009 WL 2997187, at * 2 (M.D. Fla. Sept. 18, 2009). Once the first step has been achieved, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which these

---

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] When asked at the hearing how Claimant performed his job as a security guard, he stated: "It was a lot of stairs climbing, opening vaults and stuff, the heavy doors, patrol the perimeter. Once I moved up to sergeant, I did like paperwork and schedulings." R. 44.

symptoms limit the claimant's functioning. Id. During the second step, whenever statements about the intensity, persistence, or limiting effects of pain are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of Claimant's statements based on a consideration of the entire case record. Id. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." Foote, at 1561-62. See also SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. Id.

### B.  The ALJ's Credibility Determination

The ALJ determined Claimant's RFC and credibility at step five. R. 30-34. When determining Claimant's RFC, the ALJ summarized Claimant's statements made during the Hearing. R. 31. The ALJ then summarized Claimant's medical records and medical opinions. R. 31-32. The ALJ then specifically weighed the medical opinions of Claimant's treating physicians. R. 33.Thereafter, the ALJ made a finding on Claimant's credibility. R. 34. The Court notes that the ALJ proceeded to the second step in determining Claimant's credibility without making a finding as to the first step. Id. [5] The Court interprets the ALJ's action as implicitly finding that there were underlying medically determinable impairments that could reasonably be expected to produce Claimant's pain and other symptoms.[6]

---

[5] No party alleges that it was error for the ALJ to skip the first step of the analysis.

[6] In Wallace v. Barnhart, the Eleventh Circuit held found that "although the ALJ does not directly cite or refer to the language of the three-part pain standard," the ALJ properly applied the standard. Wallace v. Barnhart, 256 F.Supp.2d

Claimant contends that the ALJ erred in finding a lack of credibility. Specifically, Claimant states that the ALJ erred, *inter alia*, by: 1) considering Claimant's failure to seek low-cost or emergency care without given him an opportunity to explain why; 2) not explaining how Claimant's low and inconsistent earnings indicated evidence of malingering; and 3) misrepresenting Claimant's statements in the Function Report. Doc. No. 17 at 20-24. The Commissioner states that the ALJ did not err. Doc. No. 17 at 26-28.

When determining Claimant's credibility, the ALJ found it significant that Claimant had not been admitted to a hospital or had any recent emergency room visits. R. 34. The ALJ found that there was no evidence of Claimant seeking out or being denied access to low-cost or no-cost care. Id. The Court finds that the ALJ erred in not giving Claimant the opportunity to explain why he did not seek these alternatives. With regard to claimant's non-compliance with medical treatment, the Eleventh Circuit has held that "refusal to follow prescribed medical treatment without good reason will preclude a finding of disability," and "poverty excuses noncompliance." Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988). In Ellison, the Eleventh Circuit held:

> When an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment.

Ellison, 355 F.3d at 1275 (citing Dawkins v. Bowen, 848 F.2d 1211, 1214 (11th Cir. 1988)) (emphasis added). The Eleventh Circuit recognized that in Dawkins, the ALJ erred in failing to consider a claimant's ability to afford medical treatment and relying "primarily if not exclusively"

---

1360, 1377 n.9 (S.D. Fla. 2003). The Court found it sufficient that the ALJ found a claimant's symptoms as severe and cited to 20 C.F.R. § 404.1529, which contains the same language regarding the subjective pain testimony that courts have interpreted when initially establishing the three-part pain standard. Id. Here, the ALJ found Claimant's symptoms as severe and cited to the same regulation. R. 29-30.

on evidence pertaining to the claimant's noncompliance. The Ellison Court, however, found that the ALJ did not err in discrediting a claimant's credibility because the ALJ's determination was not "significantly based on a finding of noncompliance". Id. (emphasis added).[7]

As stated above, the ALJ found it significant that there was no evidence that Claimant sought out low cost or free care. R. 34. The Court interprets the ALJ's statement as indicating that such a finding was a principal factor in his analysis. While the record states that Claimant was given a list of local clinics for individuals without health insurance (R. 368), the record does not show Claimant was given an opportunity to explain why he did not seek such treatment. Thus, in light of the fact that the ALJ found it significant that Claimant provided no evidence that he sought out or was denied access to low cost or free care, the Court finds that the case should be **REMANDED** in order to give Claimant an opportunity to provide an explanation.

The ALJ's decision is also unclear regarding to what extent, if any, the ALJ relied upon Claimant's inconsistent work history in making a credibility finding. R. 33-34. As stated above, the ALJ found that such evidence "may indicate a lack of motivation to work rather than a lack of ability." R. 34. The ALJ's statement is a correct statement of law. The Eleventh Circuit has stated that an ALJ can consider a claimant's work history along with the record as a whole. See Stultz v. Comm'r of Soc. Sec., 628 Fed. Appx. 665, 669 (11th Cir. 2015) (endorsing the ALJ's consideration of claimant's meager earnings as part of a credibility evaluation that also cited medical records)[8]; Bryant v. Comm'r of Soc. Sec., No. 6:14–cv–534–Orl–37DAB, 2015 WL

---

[7] The Court also recognizes Social Security Ruling 96-7p, 1996 WL 374186, at *7 (July 2, 1996) ("The adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue medical treatment without first considering any explanations that the individual may provide, or other information in the case records, that may explain infrequent or irregular medical visits or failure to seek medical treatment").

[8] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

2169149, at * 8 (M.D. Fla. May 8, 2015) (noting that "[w]hile the ALJ is entitled to consider a claimant's work history and a sporadic history may reflect unfavorably on a claimant, a lack of consistent earnings does not *always* warrant an inference of malingering […] without more, an adverse credibility determination cannot rest on this thin a reed.") (emphases added). Although the ALJ correctly recited the relevant law, he is not excused from specifically stating to what extent he considered Claimant's prior work history. See Moore v. Barnhart, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005) (citing Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988)) (requiring "explicit articulation of the reasons justifying a decision to discredit a claimant's subjective pain testimony"). Here, the ALJ failed to explicitly state whether he relied upon Claimant's prior work history as a basis for his credibility finding. Accordingly, the case should be **REMANDED** so that the ALJ can explicitly state whether he relied upon such history.[9]

### C. The ALJ's Evaluation of Claimant's Impairments

The Court finds Claimant's contention that the ALJ did not consider his other impairments as unavailing. The Eleventh Circuit has held that when an ALJ recognizes at least one severe impairment and proceeds to step three of the sequential evaluation process, there is no per se requirement to identify additional impairments at the second step where the decision demonstrates the ALJ properly considered all impairments at subsequent steps. Tuggerson-Brown v. Comm'r

---

[9] Because the foregoing issues are dispositive, there is no need to address Claimant's other arguments. See Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); McClurkin v. Soc. Sec. Admin., 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). Nevertheless, the Court recognizes the case law of the Eleventh Circuit which stands for the proposition that a claimant's statements regarding certain daily activities does not necessarily invalidate a claimant's credibility. See Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997) (holding that it did not believe that "participation in everyday activities of short duration, such as housework and fishing, disqualifies a claimant from disability"); Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986) (noting that when considering daily activities, the entire record must be considered, including claimant's testimony that she had to lie down after two hours of work).

of Soc. Sec., 572 Fed. Appx. 949, 951. (11th Cir. 2014).[10] Indeed, the Eleventh Circuit has held that an ALJ's statement that he or she has considered all of Claimant's impairments is sufficient. Id. Here the ALJ made a statement that he "has considered all symptoms [...] and other evidence." R. 30. Accordingly, the ALJ did not err by failing to consider all of Claimant's impairments and symptoms.

## IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on December 30, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

James Wilson Keeter
PO Box 196400
Winter Springs, FL 32719-6400

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel

---

[10] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224